ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033-0968
(856) 795-2121
Attorneys for Plaintiff, Edward B. Harding, Jr.

By: JOSEPH A. MARTIN, ESQ.
RENEE J. SIMEONE, ESQ.

| | |
|---|---|
| EDWARD B. HARDING, JR., <br><br> Plaintiff, <br><br> v. <br><br> PINNACLE CAPITAL FUNDING, LLC and PATRICK MARUGGI, <br><br> Defendants. | UNITED STATES DISTRICT COURT <br> DISTRICT OF NEW JERSEY <br> CAMDEN VICINAGE <br><br> Civil No. 1:08-cv-536 |

## WAIVER OF SERVICE OF SUMMONS

TO: Joseph A. Martin, Esquire
Renee J. Simeone, Esquire
Archer & Greiner, P.C.
One Centennial Sqaure
Haddonfield, NJ 08033
Attorneys for Plaintiff

Pinnacle Capital Funding, LLC, acknowledges receipt of your request for waiver of service of a summons in the action of Edward B. Harding, Jr. v. Pinnacle Capital Funding, LLC and Patrick Maruggi, which is case number 1:08-cv-536 in the United States District Court for the Camden District of New Jersey.

Pinnacle Capital Funding, LLC ("Pinnacle") has also received a copy of the Complaint in the action, two copies in this instrument, and a means by which Pinnacle can return the signed waiver to you without cost to Pinnacle.

Pinnacle agrees to save the cost of service of a summons and an additional copy of the Complaint in this lawsuit by not requiring that Pinnacle be served with judicial process in the manner provided by Federal Rule of Civil Procedure 4.

Pinnacle will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of summons.

Pinnacle understands that a judgment may be entered against it if an Answer or motion under Rule 12 is not served upon counsel for Plaintiff within 60 days after the request was sent, February 29, 2008.

By: /s/ Patrick Maruggi
Patrick Maruggi, as Principle
for Pinnacle Capital Funding, LLC

Dated:

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waiver service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for failure to waive service that a party believes the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

3148876v1